United States District Court
Southern District of Texas
**ENTERED**
August 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE RIOS and BONNIE RIOS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1528 |
| | § | |
| MOSSY NISSAN (TX), INC. and | § | |
| NISSAN NORTH AMERICA, INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This is a wrongful death beneficiary case arising out of Adam Rios's death after his vehicle caught fire.  Rios's parents, George and Bonnie Rios, sued Mossy Nissan (TX), Inc. ("Mossy") and Nissan North America, Inc. ("Nissan") in the 129th Judicial District Court of Harris County, Texas, asserting claims for wrongful death and seeking actual and exemplary damages.  (Docket Entry No. 1-3.)  After the defendants timely removed to this court, Nissan moved to dismiss. (Docket Entry No. 4.)  The plaintiffs then moved to remand, (Docket Entry No. 6), and Mossy filed its own motion to dismiss. (Docket Entry No. 20).

A related lawsuit is pending in the 61st Judicial District Court of Harris County.  This lawsuit was brought by Rios's wife, Deana Rios, on behalf of the wrongful death beneficiaries. (Docket Entry No. 4-2.)  Both Nissan and Mossy are defendants in this lawsuit.  (*Id.*)  The claims in this suit are identical to those pending in the 61st Judicial District Court.  (*Compare id.* at ¶¶ 39–103, *with* Docket Entry No. 1-3 at ¶¶ 37–100.)

In March 2024, the 61st Judicial District Court held a jury trial in the wrongful death case. The jury found in favor of the defendants. (Docket Entry No. 4-3.)  In May 2024, the 61st Judicial

1

District Court vacated its final judgment and ordered a new trial.  (Docket Entry No. 7-1.)  In July 2024, the defendants filed a petition for writ of mandamus challenging the 61st Judicial District Court's decision to grant a new trial.  (Docket Entry No. 23.)  In July 2024, the First Court of Appeals requested a response to the petition for writ of mandamus, due on August 19, 2024.  (*Id.*).

Based on the parties' submissions and the applicable legal authority, the court finds that it is appropriate to abstain from exercising jurisdiction in favor of the lawsuit pending in the 129th Judicial District Court.  Accordingly, this case is dismissed, without prejudice.  All pending motions are denied as moot.

## I.     Background

The issue in the parallel cases is which entity is liable for causing or contributing to the electrical fire in Rios's vehicle.  This federal case involves product liability claims against both defendants, gross negligence claims against Nissan, and claims against Mossy for negligence in post-sale servicing.  (Docket Entry No. 1-3 at ¶¶ 37–100.)  Nissan designed, manufactured, and sold the 2020 Nissan Titan SV Crew Pickup Truck ("Titan").  (*Id.* at ¶ 14.)  Nissan sold the Titans to intermediary sellers such as Mossy.  (*Id.* at ¶ 16.)  Mossy was an authorized seller in Houston.  (*Id.* at ¶ 15.)  Nissan shipped the subject Titan to Mossy in January 2020.  (*Id.* at ¶ 16.)  Rios purchased the Titan from Mossy in June 2020.  (*Id.* at ¶ 23.)  In April 2022, while Rios was driving the Titan in Harris County, it caught fire.  (*Id.* at ¶ 30.)  Rios suffered fatal injuries.  (*Id.* at ¶¶ 31– 32.)

The related lawsuit pending in the 61st Judicial District Court of Harris County was filed by Rios's wife, Deana Rios, on behalf of all wrongful death beneficiaries.  (Docket Entry No. 4- 2.)  Both Nissan and Mossy are defendants in the 61st Judicial District Court lawsuit.  (*Id.*)  The claims in this suit are identical to those pending in the 61st Judicial District Court.  (*Compare id.*

at ¶¶ 39–103, *with* Docket Entry No. 1-3 at ¶¶ 37–100.)  As noted above, there is a petition for mandamus pending in the First Court of Appeals challenging the 61st Judicial District Court's grant of a new trial. (Docket Entry No. 23.)

## II.    The Legal Standard

"A court may abstain from a case that is part of parallel, duplicative litigation typically only under 'exceptional' circumstances." *Kelly Inv. Inc., v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)).  In determining whether to abstain under *Colorado River*, courts consider the following factors:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Kelly Inv. Inc.*, 315 F.3d at 497 (quoting *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 n.6 (5th Cir. 2002)).  However, this is not a "mechanical checklist" and requires "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

## III.    Analysis

The lawsuit pending in the state court and the lawsuit that was removed to this court are parallel actions.  Parallel actions are those "'involving the same parties and the same issues.' . . . [but] there need not be applied in every instance a mincing insistence on precise identity of these." *Republic Bank Dallas, Nat'l. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (quoting *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)).  While not all plaintiffs in the

lawsuit pending in the 61st Judicial District Court are parties to this case, the plaintiffs here are among the wrongful death beneficiaries represented in the state court lawsuit.

The first *Colorado River* factor does not apply because the parallel cases do not involve jurisdiction over a res. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). When there is no res, this factor weighs in favor of retaining jurisdiction. *Id.*

As to the second factor, both the state and federal courts include Harris County and neither is inconvenient. *See id.* ("[T]he inconvenience factor primarily involves the physical proximity of the federal forum to the evidence and witnesses."). This factor favors exercising jurisdiction.

The third factor favors abstention. Fifth Circuit precedent is clear that piecemeal litigation does not mean the same thing as duplicative litigation. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) ("While duplicative litigation is permitted, *Colorado River* prevents *piecemeal* litigation.") (emphasis in original). The piecemeal factor weighs against abstention when res judicata would protect against potentially inconsistent judgments. *Kelly Inv., Inc.*, 315 F.3d at 498. Here, there is a genuine concern about piecemeal litigation because this court's exercise of jurisdiction could lead to inconsistent judgments that would not be resolved by res judicata. George and Bonnie Rios, the sole plaintiffs in this suit, are part of a larger group of plaintiffs in the state court action. Res judicata could apply in this case if the state court lawsuit reached a final judgment first because the plaintiffs here are included within the wrongful death beneficiaries represented in state court. But the inverse is not true. If this court issued a final judgment before the state court did so, this court's judgment would likely not have preclusive effect on Deana Rios and the other wrongful death beneficiaries in state court. The "general rule" is that "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell*, 553 U.S. 880,

893, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008). The record gives the court no reason to believe that any of the "limited" exceptions to this rule would apply. *See id.*

Because exercising jurisdiction could lead to piecemeal litigation and inconsistent judgments that may not be fully resolved by the doctrine of res judicata, this factor favors abstention. *See Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012) ("If the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially, this would weigh in favor of abstention.").

The fourth factor also favors abstention. The state court acquired jurisdiction over a year before this court. The state court is likely to reach a final judgment before this court could because the case has already been tried once in that court and is poised to be tried again if the petition for writ of mandamus is denied.  If mandamus is granted, then the prior judgment will presumably be reinstated.  By contrast, this case is still in the pleading stage.

As to the fifth factor, only state law issues are present.  No federal claims need to be addressed in this suit.  This does not automatically weigh in favor of abstention. *See Evanston Ins. Co.*, 844 F.2d at 1193 (explaining that the fifth factor generally supports abstention under rare circumstances in which the complexities of state law might make abstention appropriate).  The state law issues in this case do not raise the rare circumstances contemplated in *Evanston*.  This factor is neutral.

Finally, the sixth factor does not apply because either court can adequately protect the parties' rights.  This factor is neutral.

Two *Colorado River* factors weigh in favor of abstention, two are neutral, and two weigh against abstention.  The court gives weight to the third and fourth factors, which support abstention,

because of the risk of piecemeal litigation and the advanced progress of the state court action compared to this case.  Because the state court is likely to issue a final judgment more quickly—whether the pending mandamus is granted or denied—judicial economy is best served by abstention.  The two factors weighing against abstention are less consequential on these facts than the third and fourth factors, and accordingly, deserve less weight.

## IV.    Conclusion

This case is dismissed without prejudice based on abstention.  The following motions are denied as moot: the plaintiffs' motion to remand, (Docket Entry No. 6); Nissan's motion to dismiss, (Docket Entry No. 4); and Mossy's motion to dismiss, (Docket Entry No. 20).


SIGNED on August 15, 2024, at Houston, Texas.


_____
Lee H. Rosenthal
United States District Judge

6